Ruwe, J., dissenting: Section 267(a)(2) prevents an accrual basis taxpayer from currently deducting any amount payable to a related person if the amount is not currently includable in the payee’s gross income because of the payee’s method of accounting. Section 267(a)(3) authorizes regulations to apply the matching principle of section 267(a)(2) in cases where the payee is a foreign person. As explained in the Commissioner’s Notice 89-84: Section 267(a)(2) of the Code provides generally that a taxpayer may not deduct any amount owed to a related party (as defined in section 267(b)) until it is includible in the payee’s gross income if the mismatching arises because the parties use different methods of accounting. Section 267(a)(3) authorizes the Secretary to issue regulations applying this principle to payments to related foreign persons. * * * [Notice 89-84, 1989-2 C.B. 402; emphasis added.] Nevertheless, section 1.267(a)-3, Income Tax Regs., puts accrual method taxpayers, who could otherwise deduct interest payable to a related foreign person, on the cash method of accounting, even though, pursuant to a treaty, the interest is not, and never will be, includable in the payee’s gross income. The regulation would disallow the deduction for accrued interest regardless of the fact that the exclusion from the payee’s gross income has nothing to do with payee’s method of accounting. As more fully set forth in our plurality opinion in Tate & Lyle, Inc. & Subs. v. Commissioner, 103 T.C. 656 (1994), the regulation goes beyond the scope of the regulatory authority specifically granted in section 267(a)(3) because it is not based on the matching principle stated in section 267(a)(2). The majority states that restricting the scope of the regulations under section 267(a)(3) to the application of the matching principle articulated in section 267(a)(2) would make section 267(a)(3) redundant. But section 267(a)(3) literally authorizes regulations only in order to apply the matching principle of section 267(a)(2). Section 267(a)(3) was enacted because Congress perceived some uncertainty in how to apply the matching principle where the payee was a foreign person.[1] It does not authorize regulations that change the matching principle. Thus, the Commissioner correctly argued in Tate & Lyle, Inc.: I.R.C. § 267(a)(3) only clarified existing tax law. * * * Here, I.R.C. § 267(a)(3), was enacted to clarify I.R.C. § 267(a)(2), which had been effective since 1984. Tax Reform Act of 1984, Pub. L. No. 98-369, sec. 174(a)(1). Because I.R.C. § 267(a)(3) is a technical correction or clarification of the earlier law, it, too, was made effective by Congress for tax years beginning after December 31, 1983. Pub. L. No. 99-514, §§ 1812(c)(1), 1881. [Tate & Lyle, Inc. & Subs. v. Commissioner, supra at 661.] Following this rationale, the Commissioner argued in Tate & Lyle, Inc. that even without section 267(a)(3) and section 1.267(a)-3, Income Tax Regs., the taxpayer’s interest could only be deducted when paid.[2] Id. In Tate & Lyle, Inc., we explained in great detail why section 1.267(a)-3, Income Tax Regs., goes well beyond applying the matching principle defined in section 267(a)(2). On the basis of that analysis, I believe that the portion of the regulations that would preclude petitioner from accruing and deducting the interest in question is manifestly beyond the statutory authorization and therefore is invalid. See Rite Aid Corp. v. United States, 255 F.3d 1357 (Fed. Cir. 2001). Wells, Cohen, Chiechi, and Vasquez, JJ., agree with this dissenting opinion. For example, in the case of a foreign payee there was uncertainty whether the terms “gross income” and “method of accounting” referred to gross income and method of accounting for U.S. tax purposes. In Tate & Lyle, Inc. & Subs. v. Commissioner, 103 T.C. 656, 662 (1994), we agreed with respondent that the terms “gross income” and “method of accounting” as used in sec. 267(a)(2) meant for U.S. tax purposes. In Tate & Lyle, Inc. & Subs. v. Commissioner, supra, we rejected this argument, and it appears that the majority in the instant case also rejects any argument that petitioner’s claimed interest deduction would be disallowed under sec. 267(a)(2) even without enactment of sec. 267(a)(3) and sec. 1.267(a)-3, Income Tax Regs.